UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAFAEL IRIZZARY,

               Plaintiff,                                             **COMPLAINT AND**
                                                                            **JURY DEMAND**

      -against-

THE CITY OF NEW YORK, and JOHN DOES ONE through FIVE

              Defendants.
-------------------------------------------------------------X

The Plaintiff, RAFAEL IRIZZARY, by his attorney, Robert Marinelli, Esq., alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

2. Plaintiff RAFAEL IRIZZARY is a resident of New York County in the City and State of New York and of proper age to commence this lawsuit.

3. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendants John Does One through Five were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

5. This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

6. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Southern District of New York.

## FACTUAL ALLEGATIONS

7. On or about January 25, 2017, at approximately 6:00 p.m., plaintiff was in the area of 350 Madison Avenue and Lenox Avenue, in the County of New York, City and State of New York.

8. Plaintiff was called to stop by an individual behind him.

9. When plaintiff turned round to see who was calling, one of a group of four individuals grabbed plaintiff. Unbeknownst to plaintiff these individuals were undercover NYPD officers.

10. Plaintiff shoved this individual away from him.

11. Plaintiff then felt a punch to the back of his head.

12. The defendants identified themselves as police officers.

13. Defendants ordered plaintiff to get against a fence. Uncertain that these individuals were actual police officer, plaintiff refused and asked to see their badges.

14. Based on defendants' behavior, plaintiff requested these officers show their badges.

15. The officers began striking and punching plaintiff.

16. Defendants tugged at plaintiff's face.

17. Plaintiff was bleeding from his nose and around his eyes.

18. Plaintiff was placed in a single handcuff. The defendants searched plaintiff's person and plaintiff's bag. No contraband was found.

19. Plaintiff's mother was present and crying.

20. As a result of this attack, plaintiff defecated.

21. While plaintiff was being detained, another individual was arrested in close proximity.

22. Plaintiff cuffs were removed and he was told he was free to go.

23. Plaintiff asked for an ambulance and was ignored.

24. Plaintiff called 911 and explained what happened.

25. An ambulance arrived and Plaintiff was taken to the New York Presbyterian Hospital for treatment.

26. While at the hospital, plaintiff was interviewed by, upon information and belief, an officer from the NYPD's Internal Affairs Bureau.

27. Plaintiff remained in the hospital for over a day.

28. While at the hospital plaintiff received treatment for his face, back, neck and knee.

29. Plaintiff was never charged with any crime or violation.

30. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

31. At no point in time was it reasonable or necessary to use any force against the plaintiff, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonably or necessary.

32. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

33. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault thereafter.

34. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiff, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

35. Thus, each defendant is responsible for the assault on plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

36. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CAUSE OF ACTION
**(§1983 Claim Against the Individual Defendants)**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The defendants, individually and collectively, used physical force against plaintiff that was unreasonable and unnecessary, and wholly without justification.

39. The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the excessive force, the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiff.

40. To the extent that any one of the individual defendants did not personally engage in the use of force against plaintiff or the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

41. By so doing, the individual defendants subjected plaintiff to excessive force and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

42. By reason thereof, the individual defendants have violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
### (Unreasonable Force)

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

46. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CUASE OF ACTION
### (Failure To Intervene)

47. Plaintiff hereby realleges and incorporate by reference all of the preceding paragraphs as through they were fully set forth herein.

48. The individual defendants unlawfully seized and arrested plaintiff without probable cause to do so.

49. Plaintiff was aware of his confinement and did not consent to such confinement.

50. The individual defendant are therefore liable under state law for falsely arresting and imprisoning the plaintiffs.

51. By reason thereof, the individual defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish and emotional distress.

## FOURTH CAUSE OF ACTION
### (False Arrest)

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
### (Unlawful Stop and Search)

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

# FIFTH CAUSE OF ACTION
## *Monell*

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

61. Upon information and belief, the municipal defendant was on notice prior to September 27, 2014, that the individual defendants had a history of engaging in misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

62. Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

63. Notwithstanding the litany of complaints concerning the defendants' prior misconduct, the City of New York continued to employ the defendants without any change in their status.

64. Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that they would not engage in such blatant misconduct.

65. The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

66. Such actions by the City of New York are a reflection of the municipal defendant's repeated an untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and

evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

67. These actions further reflect a policy, custom, and practice, or a ratification through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

68. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

69. The City's failure to act in the fact of overwhelming evidence that the defendants were prone to misconduct against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

70. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

(a) Actual and punitive damages against the individual defendants in an amount to be determined at trial;

(b) Actual damages in an amount to be determined at trial against the City of New York;

(c) Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d) Such other relief as the Court deems just and proper.

DATED: August 13, 2019
New York, New York

_____/s_____
Robert Marinelli, Esq.
305 Broadway, Suite 1001
New York, New York 10007
Phone: (212) 822-1427
robmarinelli@gmail.com

*Attorney for Plaintiff*